First case this morning is 522-0646, People v. Bootchee. Arguing for the appellant is Christina O'Connor. Arguing for the affilee is John Barrett. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is planning for these proceedings today. Good morning, counselor. Appreciate you being here today. Good morning. Looking forward to your arguments. So Connor, my understanding is you're a little under the weather. Is that correct? Yes, your honor. I think I can push through, but I do apologize. I may need to excuse myself during the argument. If you do, don't hesitate to let us know. We'll stop the timer if there's something goes on. I've already asked Courtney to stop the timer and then we'll address if you need time or can continue. Okay, thank you, your honor. Thank you. Are you ready to proceed then today? Yes, your honor. Right, you may do so. May it please the court, counsel. My name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender and I represent Mr. Armando Bucci in this matter. This case involves a first-stage post-conviction petition dismissal where one of Mr. Bucci's claims raise an issue with counsel's due diligence in locating a material witness for his amended motion to withdraw guilty plea. Nothing in the record rebuts Mr. Bucci's claim and therefore this court should reverse and remand this case for second stage proceedings with appointed counsel. At the first stage of a post-conviction petition, all well-pled facts are to be taken as true and the petition may only be dismissed if it lacks an arguable basis in either fact or law. In this case, Mr. Bucci has met his low burden of stating the gist of a constitutional claim, specifically that counsel was arguably ineffective for failing to locate Autumn Pollack and present her testimony at the hearing on his amended motion to withdraw guilty plea. In this case, counsel was appointed to assist Mr. Bucci with his motion to withdraw guilty plea, which involved numerous claims against plea counsel, which included an allegation of an unfulfilled promise that Mr. Bucci would not be charged with murder in exchange for the guilty plea. On the day of the hearing on the amended motion that counsel filed, counsel asked the trial court for a continuance to locate Pollack. Counsel stated that Pollack was a material witness, that he expected her to plea counsel, and that he had trouble locating her, so he wanted to attempt to serve her once again. The court stated that it was not happy about the request, but nonetheless granted counsel the continuance over the state's objection. At the hearing, Pollack was not present nor called to testify, and the only witness for the defense besides Mr. Bucci was Damon Johnson. Johnson did not provide any testimony as to the unfulfilled promise that Mr. Bucci alleged counsel had made to him in order to get him to take the plea. Therefore, on that claim, the trial court had to make a credibility determination between plea counsel and Mr. Bucci. In denying Mr. Bucci's amended motion to withdraw a guilty plea, the court stated that it had not seen anywhere near enough evidence to even meet the burden that somehow Mr. Bucci was tricked into this plea agreement. In his post-conviction petition, Mr. Bucci alleged that counsel was ineffective because counsel told him he was unable to locate Pollack, but Pollack had said that no one ever contacted her or attempted to. Mr. Bucci provided Pollack's address in Mount Vernon and said that no one had come by the address, called her, or even left a card that someone was looking for her. However, my understanding is when the defendant first gave Pollack's name to defense counsel, all Bucci said was lives in Mount Vernon, didn't know the specific address. Is that not correct?  Are you? I apologize, Your Honor. Are you referring to when counsel asked for the continuance? Yes. I know counsel stated that he had located, he had attempted to serve her at an address in Mount Vernon. I don't recall if counsel stated that Mr. Bucci had not provided a specific address to him, so I would defer to the record on that point, but I do believe the first time a specific address was mentioned was in the post-conviction petition. Thank you. Um, so Mr. Bucci, in his post-conviction petition, alleged that had counsel been called to testify, she would have stated that she spoke to plea counsel, plea counsel told her this deal was in Mr. Bucci's best interest, and that the state would not charge him with the murder. Again, at the first stage of post-conviction proceedings, all well-pleaded facts that are not rebutted by the record are to be taken as true, and nothing rebuts Mr. Bucci's claim that counsel failed to diligently locate Pollack and present her testimony. Therefore, it is arguable that counsel was ineffective, and Mr. Bucci has met his low burden of stating the gist of a constitutional claim. Counsel, don't we need an affidavit from the witness about what she would say? Um, no, your honor, not in this case. This case is a very unique situation where typically you would need an affidavit for this court to determine whether or not the proposed witness testimony would have been favorable. Um, however, this court does not actually have to make that determination in this case because counsel told the trial court that he believed Pollack's testimony to be material to the claims he raised in the amended motion, and counsel even explained what he expected her testimony to be. So therefore, it can be inferred that counsel believed Pollack's testimony to be favorable, and that, um, additionally, the issue here then would be whether or not counsel actually did his due diligence in attempting to locate Pollack. So as counsel asked for a last-minute continuance to attempt to serve Pollack once again, it can be inferred that counsel believed at that time he did not do everything that he thought he could have to attempt to locate her, and that if he had believed that, he would not have asked for more time to do so. So again, the only issue that this court, um, should consider at this point is whether Mr. Bucci has stated the arguable, has met his low burden of stating the gist of a constitutional claim that counsel did not diligently locate a witness that he believed to be material, and again, based on the record, we know what, um, counsel expected Pollack's testimony to be. Um, that's based on the defendant's allegations of what Pollack would say, and as Justice McKinney points out, his bare allegations alone without some affidavit from Pollack saying this is what I would have said, that seems to be a problem. Well, Your Honor, we are, um, asserting that it's not just Mr. Bucci's allegations or, um, I apologize, it's not just what Mr. Bucci said that Pollack would have testified to, but counsel also made statements at, when he asked for a continuance, that Pollack would specifically testify to the allegations in the amended motion to withdraw a guilty plea. So when counsel stated that what Pollack's testimony would be, it's not just what Mr. Bucci alleged her testimony would be. So that's why we believe that an affidavit is not needed in this specific case, but again, this is a very unique case. We don't generally disagree with, um, an affidavit being required if there was no information in the record about what the testimony would have been. But again, in this situation, it is different because there is information that's not just what Mr. Bucci has alleged here. So again, Mr. Bucci does not have to prove his claim at this stage, nor is he asking this court to find that counsel is ineffective here. All Mr. Bucci is asking that this court hold is that he has met his low burden to prove, to move his pro se post-conviction petition onto the second stage, where he'll be appointed counsel to assist him in the evaluation of his pro se claims and be given assistance shaping his claims into the appropriate legal form. Therefore, Mr. Bucci asked this court to reverse the denial of his post-conviction petition and remand for second stage proceedings with the appointment of counsel. Does the court have any other questions? No questions. All right. Thank you. Thank you. Mr. Barrett, are you ready to proceed? I am, Your Honor. You may do so. Well, good morning, Your Honors. Counsel may please the court, John Barrett, arguing on behalf of the people of the state of Illinois. Your Honors, I would like to begin by acknowledging a few errors that my opposing counsel had pointed out on pages 7, 12, and 13 of her reply brief that had to do with citations. And in going through my brief, this is not representative of the work that I do. I don't have any kind of a background of having incorrect or erroneous citations in my briefs. Somehow that did happen here. I acknowledge that. And I have prepared an amended brief with proper citations correcting those issues. And the underlying legal principles and the underlying propositions of law stated in the people's brief are accurate. So I just wanted to begin by addressing that. And if Your Honors so order or decide, I'm absolutely willing to correct those errors in any manner you see fit. So I'd like to first address, on page 7, there was a reference to failure to attach an affidavit to the post-conviction petition being grounds for summarily dismissing the petition. And on that page, I had been citing to the Turner and Coleman Supreme Court decisions. The direct quote was from Collins. So I had the Turner and Coleman quotes, but the actual citation was to Collins for that proposition. And here, as Your Honors identified, we don't have an affidavit from Pollack. I need to respond to the argument that we don't need one because the attorney, who's an officer of the court, represented what her testimony would be. Well, Your Honor, he didn't represent what it would be. He was investigating her as a potential witness on matters that might be material. We didn't have specific statements as to what her testimony would have been. He was investigating her as a potential material witness, but there was no facts supporting that she, in fact, was. And what we do know, the central allegation here is that this concerns a pre-plea promise from plea counsel that charges wouldn't be filed purportedly. So the fact that we have a promise being made before the plea, and then terms of that plea, there's a plea colloquy where the court goes through and says, these are the terms of the They went through line by line by line. There were no additional terms that defendant indicated at that time. This was decided as law of the case. Your Honors on direct appeal found that this was a voluntary plea. Defendant was given an opportunity to say, hey, yes, there were additional promises. My counsel said there were charges that wouldn't be filed against me, Jackson Count. He had an absolute opportunity to bring that before the court, chose not to, voluntarily pled. So based on the law of the case, this is a decided matter. And the fact that we don't have an affidavit from a witness to contradict or to somehow rebut what counsel had essentially indicated during that motion to withdraw a guilty plea, which was that I had never made any promises about Jackson County. I had assured defendant that there was no promise in that regard. I had no authority in regard to what charges would be brought against him in Jackson County. The trial court believed those facts, that testimony, decided it, and your Honors on direct appeal affirmed that decision. So these are facts of record that have been decided, and I would refer your Honors to the law of the case. This is a decided matter. Now moving on to the double hearsay issue. So what we have from defendant in the post-conviction petition, the defendant cites the specific testimony that Adam Pollack would be allegedly giving. And this is a conversation that occurred in a hallway between plea counsel and Pollack. So we have double hearsay here. Defendant wasn't even present for this conversation. And this double hearsay issue alone, it's a bridge too far to say that, hey, here are facts that arguably show that my constitutional rights were infringed in some way, and we should proceed to second stage proceedings here. The trial court was justified in summarily dismissing this petition just based on the failure of the affidavit. And the fact that there's a waiver of even constitutional claims post-guilty plea on matters that were decided or could have been brought during the plea or will seek any questions you have at this point, and if not, tender the remaining time to my opposing counsel. So if it goes to second stage and he's appointed an attorney, couldn't that attorney obtain that affidavit from the witness and therefore the hearsay is gone? Well, your Honor, what you run into there is an allegation that's, again, focused on a promise that was made before the plea. If that's, in fact, the case, defendant had an opportunity during the plea to bring that forward. Defendant had been asked specifically by the trial court, were any additional promises made to you? That was his moment to say, yes, my counsel said charges would not be filed against me in Jackson County. According to the defendant, that was known to him at the time. So he had every opportunity to bring that, just did not bring it. And, you know, the law of the case bars any further challenge. Thank you, your Honors. Thank you. Are there questions, Justice O'Connor? Are you ready to provide rebuttal? Yes, your Honor. Thank you. Very briefly. So first, there was testimony presented at the motion to withdraw guilty plea hearing that counsel told Mr. Bucci how to answer some of the questions during the 402 admonishments. And there was some support from Johnson who stated that, you know, how that counsel told Mr. Bucci how to answer specific questions. We will acknowledge that counsel stated she did not tell Mr. Bucci to say that there were no other promises made, but there is some testimony there to support why Mr. Bucci did not talk about that unfulfilled promise at the guilty plea. Additionally, in response to Justice McKinney's first question to opposing counsel, on the record, this is on page of report of proceedings 85 and 86, counsel told the trial court that, and this is a quote, he believed her testimony would be material to the accusations and the elements of his motion. Counsel then stated that Pollock would testify specifically as to the statements that we have alleged were said by, and he said the attorney's name, but I'm just gonna say plea counsel. So there was, counsel did make representations to the court that Pollock would testify specifically as to the statements that we have alleged in the amended motion. So again, this isn't a situation where this court needs to determine whether or not Pollock's testimony would have actually been favorable. We have counsel's statements to the court as an officer of the court stating as such. So in this situation, with first stage post-conviction petitions, it's generally recognized that these are defendants who don't have any legal training. In most situations, when a defendant is saying that a witness should have been called to testify, we do, again, generally agree that an affidavit is required, but this is a very unique situation where, again, this court does not have to make that determination about whether the testimony would have been favorable. So as Justice McKinney pointed out, if this court moves this into second stage proceedings, then Mr. Bucci's counsel can review the claims, decide whether or not he believes they have merit, and then, if so, provide an affidavit from Pollock. So any of those issues can be addressed during second stage proceedings, but Mr. Bucci has stated an arguable claim here that his attorney was ineffective for failing to locate Pollock. Does the court have any other questions? Mrs. Bowie? No questions. Mrs. McKinney? No questions. No, neither. Thank you. We're familiar with the briefs. We'll take the matter under advisement as your decision in due course.